# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE ENRIQUE MURILLO, | Case No. 1:12-cv-00095-LJO-DLB PC |
| Plaintiff, | **ORDER DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM WITH LEAVE TO AMEND** |
| v. | |
| SERGEANT BUENO, et al., | ECF No. 1 |
| Defendants. | RESPONSE DUE WITHIN THIRTY DAYS |

**I.     Background**

Plaintiff Jorge Enrique Murillo ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil action pursuant to 42 U.S.C. § 1983. On January 20, 2012, Plaintiff filed his complaint. ECF No. 1.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a

claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). While factual allegations are accepted as true, legal conclusions are not. *Id.*

## II.     Summary of Complaint

Plaintiff was incarcerated at Corcoran State Prison ("CSP") in Corcoran, California, where the events giving rise to this action occurred. Plaintiff names the following as Defendants: sergeant Bueno, and correctional officers Aguirre, Stoll, and Field.

Plaintiff alleges the following. From January 20, 2011, to January 25, 2011, Plaintiff was housed in a 9 foot by 5 foot cage situated inside the 4A building of the Security Housing Unit ("SHU"). The cage is next to the program office of the building. Plaintiff was provided only a blanket and mattress. Plaintiff requested from Defendant Bueno that he needed to be housed in a warm environment, because of pins in his left leg that caused him pain in a cold environment. Defendant Bueno promised that Plaintiff would be placed in a cell. Defendant Bueno did not informally respond to Plaintiff's grievance prior to the incident being concluded.

On January 21, 2011, Defendant Aguirre worked the following days, restricting Plaintiff to use of the restroom once during Defendant's 8-hour shift, one cup of milk provided with breakfast, and one cup of water to take with his morning medications. Plaintiff did not receive a regular shower for five days. Plaintiff had no toothbrush, toothpaste, or toilet paper during the five days. There was a filthy rodent present at night. Defendant Aguirre also did not respond to Plaintiff's inmate grievance. The floor was greasy. Defendants Stoll and Field are also liable for the same reasons.

Plaintiff requests as relief compensatory and punitive damages, declaratory relief, and an injunction that Defendants stop housing prisoners in holding cages.

### III. Analysis

#### A. Eighth Amendment

Plaintiff contends deliberate indifference to his conditions of confinement. The Eighth Amendment prohibits cruel and unusual punishment. "The Constitution does not mandate comfortable prisons." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quotation and citation omitted). "[A] prison official violates the Eighth Amendment only when two requirements are met. First, the deprivation alleged must be, objectively, 'sufficiently serious[;]' a prison official's act or omission must result in the denial of 'the minimal civilized measure of life's necessities [.] . . . The second requirement follows from the principle that 'only the unnecessary and wanton infliction of pain implicates the Eighth Amendment.' To violate the Cruel and Unusual Punishments Clause, a prison official must have a 'sufficiently culpable state of mind.'" *Id.* at 834. To demonstrate deliberate indifference, the prisoner must show that the official knew of and disregarded an excessive risk to the inmate's health or safety. *Id.* at 837. Prison officials must provide prisoners with adequate food, clothing, shelter, sanitation, medical care, and personal safety. *Hearns v. Terhune*, 413 F.3d 1036, 1042 (9th Cir. 2005).

Plaintiff has not sufficiently alleged a serious harm. With regards to shelter, Plaintiff complains that he was placed in a holding cage for five days. However, Plaintiff also alleged that he received a blanket during this time. Plaintiff complained that it was cold; however, Plaintiff was also indoors. Additionally, Plaintiff was held in the holding cage for five days. Plaintiff has not alleged sufficient facts which demonstrate that being housed in a holding cage for five days in allegedly cold conditions, while indoors, rises to the level of an objectively serious harm. *See Hoptowit v. Ray*, 682 F.2d 1237, 1258 (9th Cir. 1982) (citing *Hutto v. Finney*, 437 U.S. 678, 686-87 (1978)) ("[I]n considering whether a prisoner has been deprived of his rights, courts may consider the length of time that the prisoner must go without these benefits").

With regards to sanitation, Plaintiff also fails to allege an objectively serious harm. Plaintiff complains that the floor was greasy. However, Plaintiff did not have to sleep on the floor, as he alleges that he was provided a mattress. Plaintiff complains that a rodent was present at night during the five days. However, having a rodent present at night for five days does not rise to the level of an

objectively serious harm. *See Tucker v. Rose*, 955 F. Supp. 810, 816 (N.D. Ohio 1997) ("The occasional presence of a rodent is insufficient to establish the objective component of an Eighth Amendment claim."). Plaintiff complains that he was not provided a shower for five days. Not being provided a shower for five days does not rise to the level of an objectively serious harm. *See*, *e.g.*, *Davenport v. De Robertis*, 844 F.2d 1310, 1316 (7th Cir. 1988) (holding that Constitution only requires one shower per week without extenuating circumstances); *Clark v. Williams*, 2011 WL 304585 at *2 (D. Nev. 2011) (finding deprivation of shower for five days did not state an Eighth Amendment claim); *Lipsey v. Schwarzenegger*, 2009 WL 5030136 at *4 n.2 (E.D. Cal. 2009) (deprivation of shower for four and a half days may not state an Eighth Amendment claim).

Even if Plaintiff had alleged a sufficiently serious harm, Plaintiff has failed to allege facts which demonstrate that Defendants acted with deliberate indifference. Defendant Bueno, for example, allegedly told Plaintiff that he would be placed in a cell. Plaintiff alleges no facts which demonstrate that the other Defendants knew of and disregarded an excessive risk of serious harm to Plaintiff's health.

### B. Inmate Grievance

Plaintiff complains that Defendants did not respond to Plaintiff's inmate grievance. Plaintiff fails to state a claim. Plaintiff appears to complain that Defendants did not informally respond to Plaintiff's inmate grievance during the five days that he was held in the holding cage. If Plaintiff complains of how Defendants responded in the inmate appeals process, Plaintiff does not state a claim. There is no due process right to a specific inmate grievance procedure. *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003).

## IV. Conclusion and Order

Plaintiff fails to state any cognizable federal claims against any Defendants. The Court will provide Plaintiff with an opportunity to file a first amended complaint curing the deficiencies identified by the Court in this order. *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints). If Plaintiff decides to amend, Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but

must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. *See Iqbal*, 556 U.S. at 678. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555.

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint, *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997) *overruled in part on other grounds*, *Lacey v. Maricopa County*, -- F.3d --, 09-15806, 2012 WL 3711591 (9th Cir. Aug. 29, 2012) (en banc); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superseded pleading," L. R. 220.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;

2. Plaintiff's complaint is dismissed for failure to state a claim, with leave to file a first amended complaint within **thirty (30) days** from the date of service of this order;

3. Plaintiff may not add any new, unrelated claims to this action via the first amended complaint and any attempt to do so may result in an order striking the first amended complaint; and

4. If Plaintiff fails to comply with this order, the Court will dismiss this action for failure to obey a court order and failure to state a claim.

IT IS SO ORDERED.

Dated:   **October 9, 2012**                              /s/ *Dennis L. Beck*
                                                          UNITED STATES MAGISTRATE JUDGE