**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE ENRIQUE MURILLO,<br>Plaintiff,<br>v.<br>SERGEANT BUENO, et al.,<br>Defendants. | Case No. 1:12-cv-00095-LJO-DLB PC<br>**FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF CERTAIN CLAIMS**<br>ECF No. 11<br>OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN DAYS |

**I. <u>Background</u>**

Plaintiff Jorge Enrique Murillo ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil action pursuant to 42 U.S.C. § 1983. On January 20, 2012, Plaintiff filed his complaint. ECF No. 1. On October 9, 2012, the Court screened Plaintiff's complaint and dismissed it for failure to state a claim, with leave to amend. ECF No. 10. On November 26, 2012, Plaintiff filed his First Amended Complaint. ECF No. 11.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b)(1),(2).

"Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." *Id.* § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). While factual allegations are accepted as true, legal conclusions are not. *Id.*

**II. <u>Summary of First Amended Complaint</u>**

Plaintiff was incarcerated at Corcoran State Prison ("CSP") in Corcoran, California, where the events giving rise to this action occurred. Plaintiff names the following as Defendants: sergeant Bueno, and correctional officers Aguirre, Stoll, and Field.

Plaintiff alleges the following. On January 20, 2011, Plaintiff arrived at CSP and was housed in a holding cage located inside the visiting room. Plaintiff was later transferred to the Security Housing Unit ("SHU"), Building 4A Right, where he was placed in a 28 square foot cage. Eighteen of the square feet were taken up by a mattress.

Plaintiff was held in that cage until January 25, 2011, approximately five days. Plaintiff was provided only a blanket. Plaintiff was not provided a shower during that time. The lights were on 24-hours a day. Plaintiff was not provided a toothbrush, toothpaste, soap, toilet paper, or deodorant. Plaintiff requested that he needed to be housed in a warm environment, because of pins in his left leg that caused him pain in a cold environment. The temperature in the cage reached the forties. Plaintiff had a blanket, but cold air still penetrated it. Plaintiff had only six ounces of water in the morning and an eight ounce carton of milk as his sources of liquid. Plaintiff was allowed to use the restroom only once a day. A filthy rodent was present each night. Defendants were notified of Plaintiff's issues with his housing, but failed to act to change it for five days.

Plaintiff requests as relief compensatory and punitive damages, and declaratory relief.

## III. Analysis

### A. Eighth Amendment

Plaintiff contends deliberate indifference to his conditions of confinement. The Eighth Amendment prohibits cruel and unusual punishment. "The Constitution does not mandate comfortable prisons." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quotation and citation omitted). "[A] prison official violates the Eighth Amendment only when two requirements are met. First, the deprivation alleged must be, objectively, 'sufficiently serious[;]' a prison official's act or omission must result in the denial of 'the minimal civilized measure of life's necessities [.] . . . The second requirement follows from the principle that 'only the unnecessary and wanton infliction of pain implicates the Eighth Amendment.' To violate the Cruel and Unusual Punishments Clause, a prison official must have a 'sufficiently culpable state of mind.'" *Id.* at 834. To demonstrate deliberate indifference, the prisoner must show that the official knew of and disregarded an excessive risk to the inmate's health or safety. *Id.* at 837. Prison officials must provide prisoners with adequate food, clothing, shelter, sanitation, medical care, and personal safety. *Hearns v. Terhune*, 413 F.3d 1036, 1042 (9th Cir. 2005).

Plaintiff has not sufficiently alleged a serious harm. With regards to shelter, Plaintiff complains that he was placed in a holding cage for five days. However, Plaintiff also alleged that he received a blanket during this time. Plaintiff complained that it was cold; however, Plaintiff was also indoors. Additionally, Plaintiff was held in the holding cage for five days. Plaintiff has not alleged sufficient facts which demonstrate that being housed in a holding cage for five days in allegedly cold conditions, while indoors, rises to the level of an objectively serious harm. *See Hoptowit v. Ray*, 682 F.2d 1237, 1258 (9th Cir. 1982) (citing *Hutto v. Finney*, 437 U.S. 678, 686-87 (1978)) ("[I]n considering whether a prisoner has been deprived of his rights, courts may consider the length of time that the prisoner must go without these benefits").

With regards to sanitation, Plaintiff also fails to allege an objectively serious harm. Plaintiff complains that a rodent was present at night during the five days. However, having a rodent present at night for five days does not rise to the level of an objectively serious harm. *See Tucker v. Rose*, 955 F. Supp. 810, 816 (N.D. Ohio 1997) ("The occasional presence of a rodent is insufficient to

establish the objective component of an Eighth Amendment claim."). Plaintiff complains that he was not provided a shower for five days. Not being provided a shower for five days does not rise to the level of an objectively serious harm. *See, e.g., Davenport v. De Robertis*, 844 F.2d 1310, 1316 (7th Cir. 1988) (holding that Constitution only requires one shower per week without extenuating circumstances); *Clark v. Williams*, 2011 WL 304585 at *2 (D. Nev. 2011) (finding deprivation of shower for five days did not state an Eighth Amendment claim); *Lipsey v. Schwarzenegger*, 2009 WL 5030136 at *4 n.2 (E.D. Cal. 2009) (deprivation of shower for four and a half days may not state an Eighth Amendment claim).

Plaintiff alleges that the lights were on 24-hours a day while he was in the holding cage, but Plaintiff fails to allege any harm resulting from it. *See Chappell v. Mandeville*, 706 F.3d 1052, 1057-58 (9th Cir. 2013) (finding defendants entitled to qualified immunity regarding plaintiff's Eighth Amendment claim for 24-hour lighting for seven days).

Plaintiff alleges that he was only provided use of the restroom once per day, and that he was only provided a six ounce cup of water with his medication an eight ounce cup of milk with his breakfast each day. Again, Plaintiff fails to allege any harm resulting from these conditions. *See Johnson v. Cavagnaro*, No. 1:09-cv-00742-AWI-SMS PC, 2009 WL 2971539, at *3 (E.D. Cal. Sept. 11, 2009) (finding no Eighth Amendment claim for inmate plaintiff who alleged receiving only two cups of liquid per day for three days as it is not sufficiently grave to rise to level of constitutional violation).

**IV. <u>Conclusion and Recommendation</u>**

Plaintiff fails to state a claim against any Defendants. The undersigned does not find that Plaintiff can amend his pleadings to cure the deficiencies identified. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc). Based on the foregoing, it is HEREBY RECOMMENDED that this action be dismissed with prejudice for failure to state a claim upon which relief may be granted.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within **fourteen (14) days** after being served with these Findings and Recommendations, the Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's

Findings and Recommendations." The Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **April 20, 2013**                                        /s/ Dennis L. Beck
                                                                  UNITED STATES MAGISTRATE JUDGE